UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER BIN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 19-11670-IT |
| | * |
| SUPERINTENDENT MICHAEL RODIRIGUES, | * |
| | * |
| Respondent. | * |

ORDER

August 27, 2019

TALWANI, D.J.

*Pro se* Petitioner Peter Bin has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in Statute Custody [#1], a Motion for Leave to Proceed *in Forma Pauperis* [#2], and a Motion to Appoint Counsel [#3]. Upon review of these documents, the Court hereby orders:

1. The Motion for Leave to Proceed *in Forma Pauperis* [#2] is DENIED insofar as Petitioner seeks a waiver of the $5.00 filing fee.

Petitioner submitted a prison account statement covering the period from February 1, 2019 through July 23, 2019. During this time, Petitioner received $399.99 from friends and family members. The balance of the account was $27.12 on July 23, 2019. Based on this information, the Court concludes that Petitioner has adequate funds to pay the $5.00 filing fee.

If Petitioner wishes to pursue this action, he must, within thirty-five (35) days of the date of this Order, pay the $5.00 filing fee. Failure to comply with this order may result in dismissal of the action.

2. The Motion to Appoint Counsel [#3] is DENIED WITHOUT PREJUDICE. Under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, the Court may appoint counsel for a "financially eligible" habeas petitioner if "the interests of justice so require." 18 U.S.C. §3006A(a)(2). In determining whether the interests of justice require the appointment of counsel, the Court examines the totality of the circumstances, including the merits of a petitioner's claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself. In addition, if the Court decides to conduct an evidentiary hearing, a financially eligible petitioner is eligible for the appointment of counsel. *See* Rule 8(c) of the Rules Governing Section 2254 Cases.

Although Petitioner is financially eligible for the appointment of counsel, the interests of justice do not require the appointment of CJA counsel at this early stage of the proceedings. Petitioner may renew his motion for appointment of counsel after the respondent has submitted a response to the petition.

IT IS SO ORDERED.

                                                /s/ Indira Talwani
                                                United States District Judge

August 27, 2019